**REGAS v. COSTON.**

Common Pleas Court, Butler County.

No. 64640.   Decided September 10, 1951.

Ben D. Worcester, Middletown, for plaintiff.
Harry S. Wonnell, Hamilton, for defendant.

## OPINION

By CRAMER, J.

This cause is before the court upon the pleadings, consisting of the petition, answer and reply, and the evidence, and was heard without the intervention of a jury.

Plaintiff's petition consists of twenty-one causes of action. Each is based upon a promissory note. All, except five of these notes, are in the sum of $25.00 each; four of the five being in the sum of $35.00, and the fifth in the sum of $265.00. All are dated in December of 1933 and all were due on dates varying from a year and more thereafter.

It is admitted by the plaintiff that the first cause of action is barred by the statute of limitations, thus reducing the total amount claimed, namely $805.00, by the sum of $25.00, being the amount of the note sued upon in the first cause of action. Therefore, plaintiff's claim is now in the sum of $780.00, which she claims with interest at five percent per annum from December 9, 1933.

The defendant sets up as special defenses the fact that plaintiff has no capacity to bring the action since she was duly discharged as the executrix of the estate of her husband, the payee of the notes sued upon, and the defendant denies that the plaintiff is therefore the duly appointed, qualified and acting executrix of the estate of deceased payee and that she was such at the time of filing of the petition. Further defense is made that all of the notes sued upon had been fully paid.

The evidence shows that some time prior to the filing of the action the plaintiff had filed her final account in the Probate Court as the executrix of her husband's estate and had been discharged as such executrix. The only proceeding taken in the Probate Court thereafter, and prior to the filing of this suit, was the filing therein of what the plaintiff designated as "report of newly discovered assets." The Probate Court by entry authorized the filing of the same without an inventory and appraisement of such assets.

The defendant contends that since, at the time of the filing of the action, plaintiff had been discharged as the executrix and the estate not re-opened so as to permit her to again become the acting executrix of said estate and to collect such assets by suit, she must fail in this action since she has no authority to bring the same. On the other hand, plaintiff claims that an executor is not barred from representing the estate as long as there are assets remaining to be administered, and this includes the executor's right to bring an action to enforce the recovery of such assets.

In support of such claim she cites the case of **Weyer v. Watt, Executor, 48 Oh St 545, 28 N. E.** 670, the syllabi of which are as follows:

"1. The authority of an executor or administrator to represent the estate, unless terminated in one of the modes provided by statute, continues until the estate is fully settled.

"2. The probate court, for good cause, may remove an executor or administrator, or accept his resignation; but while choses in action or other assets belonging to the estate remain in his hand unadministered, his authority to administer the same is not extinguished by an order, made upon what purports to be the settlement of his final account, directing that he be discharged from his trust."

The facts in the foregoing case are quite similar to the case at bar. In the Watt case, supra, suit was brought by the executor, in his capacity as such, upon a promissory note executed by the defendant to plaintiff's testator. The evidence showed that the plaintiff filed his final account in the Probate Court, and that court ordered the executor to be discharged from his trust and that he distribute among the legatees and distributees of the deceased all the uncollected assets of the estate.

This case differs from the case at bar only in that the executor reported the notes sued upon by him in his final account, to be uncollectible. Here the evidence shows that it was not until some time after the plaintiff had been discharged as executrix that she found the notes, and of course they were not included in the original inventory nor mentioned in the final account.

It is asserted by the defendant that the foregoing distinction in facts between the Watt case and the case at bar is so material as to render it wholly inapplicable to sustain plaintiff's position.

It is our opinion that the Watt case applies and requires a holding that plaintiff has the capacity to bring the action. The difference in the facts between the cases is not material. It seems to us that the fact that assets are not included in an inventory—because at the time they were not found—does not render an executor powerless to enforce the collection of such assets after their discovery merely because he had been discharged from his trust and the estate not reopened. Be that as it may, however, here plaintiff reported the discovery of such assets to the Probate Court and was authorized to file a report thereof, which, in our opinion constituted the executor's authority to proceed to collect the same, if such authority be needed. In other words, the filing

of the report of such discovery and the authorization to file the same should be considered in the nature of the re-opening of the estate for the purpose of collecting and administering such assets.

In the Watt case, supra [48 Oh St 545, 28 N. E. 672], the court in describing the legal effect of the order of the Probate Court discharging the executor from his trust made the following statement: "But we find no power conferred upon that court to discharge an executor or administrator from his trust upon the settlement of what is called 'a final account,' and thus extinguish his authority as trustee. Unless, therefore, the order of the Probate court operated as a removal of the plaintiff from his trust, or as a resignation of it by him, his authority as executor continued, notwithstanding the order, and he might properly bring the action he did."

The court went on further to say that the order (of discharge) is based upon the finding that the executor faithfully discharged all his duties, and paid out all monies which came in his hands and that he had fully administered the estate.

In Volume 21, Am. Jur., page 468, the following statement is found: "It has been said that the formal discharge contained in a decree on final accounting operates only as to the accounts of the parties up to that period. If other assets should be found thereafter to belong to the estate, the liability of the executor may still continue in regard to them, since such decree on final accounting does not destroy the relation of an executor, but only discharges him from liability for the past." See also Johnston v. Schwenck, 99 Oh St 59, 124 N. E. 61, 8 A. L. R. 170, particularly paragraph 2, syllabus thereof.

It is our conclusion that the plaintiff here had legal capacity to bring this action.

This brings us to a consideration of this cause upon its merits.

The defendant having filed a general denial, it was incumbent upon the plaintiff to prove the execution of these notes. The defendant complains that the evidence respecting this issue was insufficient and that the plaintiff has failed to prove that the notes were duly made and executed by the defendant.

The evidence offered in this respect was that of a witness, who because of her foreign birth and lack of schooling in the United States, was apparently not at all versed in reading and writing in the English language. She testified that several years prior to the trial she had cashed a check of and for the defendant and was acquainted with his signature

and identified the signatures on the notes as being his. While it is true that this evidence leaves something to be desired, yet in our opinion must be given due weight, in the absence of any evidence to the contrary. Such evidence was not forthcoming from the defendant himself in view of the fact that he was prohibited from testifying, since the plaintiff as an adverse party, was an executor.

Furthermore, the evidence offered by the defendant respecting his defense of payment indicates rather strongly that he is not too seriously disputing the claim that he signed and executed these notes. It certainly does no violence to infer, from evidence, urged as showing that notes were paid, that they were validly executed by the person claiming that his obligations created by such instruments were discharged by payment thereof. In addition thereto, there was received in evidence two checks totalling the sum of $150.00 which the defendant claims he gave to the payee of the notes in payment thereof. The signatures on these checks, admittedly made by the defendant, when compared with the signatures appearing on the notes, constitute further evidence that the defendant signed the notes.

We have no difficulty in concluding that the plaintiff has sustained the burden cast upon her of showing due execution of all of said notes by the defendant.

There remains but the question of whether or not the defendant has sustained the burden of proving the defense of payment. As heretofore stated, the defendant himself was precluded from testifying.

The evidence offered by him respecting payment consisted of the testimony of a relative of his and the payee's who was present when the defendant made and delivered two checks totalling $150.00 to the payee. This witness testified that these checks were given to plaintiff's decedent in connection with notes of the defendant, held by the payee. He refused, however, to testify, although repeatedly asked if it weren't a fact, that the checks were given as payment in full for all of the notes.

Each of these notes bears a number and it is apparent, by reason of the consecutive numbering thereof, that they were originally given in a series. There is, however, a gap in this series, disclosing thereby that some of the notes are missing, since those offered in evidence do not bear consecutive numbers. The defendant urges that this is evidence in support of his claim of payment. However, it is our view that this situation supports the claim that these notes were not fully paid since it is reasonable to assume that only the missing

notes were paid. It is a general rule that a note in the hands of the maker, after due, is presumed, in law, to have been paid off and taken up by the maker. See **Vol. 29, O. Jur., page 1262.** The converse therefore ought likewise to be true., namely, that where notes, after due, remain in the possession of and are retained by the payee, there is a presumption that the notes remain unpaid. Otherwise they would have not been retained by the payee but would have been returned to the maker.

It is the conclusion of the court that the defense of payment has not been made out by the degree of proof required under the law. It is no doubt unfortunate for the defendant in so far as this defense is concerned, that he was not permitted by law to take the stand and testify concerning facts and occurrences which took place prior to plaintiff's appointment as executrix. However, that situation was created and can only be cured by the legislature.

We therefore find upon the issues joined in this cause in favor of the plaintiff and against the defendant, and that the plaintiff is entitled to recover the sum of $780.00 with interest as prayed for and her costs.